IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SMART PARTS, INC. | ) | Case No. 10-23521-TPA |
| | ) | |
|           Debtor. | ) | Doc. No. \_\_\_\_\_ |
| | ) | |
| SMART PARTS, INC. | ) | |
| | ) | |
|           Movant, | ) | Hearing Date and Time: |
| | ) | |
|           v. | ) | |
| | ) | Response Deadline: |
| No Respondents. | ) | |

**EMERGENCY MOTION OF THE DEBTOR FOR AN ORDER AUTHORIZING
THE CONTINUED USE OF A CERTAIN PRE-PETITION BANK ACCOUNT**

Smart Parts, Inc. (the "Debtor"), the debtor and debtor-in-possession herein, by and through its undersigned proposed counsel, hereby moves this Court, on an emergency basis, for entry of an Order (this "Motion"), authorizing the continued use of a certain pre-petition bank account and, in support thereof, the Debtor respectfully avers as follows:

Case Status, Jurisdiction and Venue

1. On May 13, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. The Debtor continues to manage and operate its business and property as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or committee of creditors have been appointed in this case.

{P0171650.1}

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is appropriate in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are sections 105(a) of the Bankruptcy Code.

Background

5. The Debtor was incorporated on May 9, 1989, as a for profit business corporation under the laws of the Commonwealth of Pennsylvania. Prior to ceasing its operations, the Debtor manufactured and sold paintball guns and related products to various customers both nationally and internationally. Additionally, the Debtor holds various patents associated with its product line and licenses such patents to other manufacturers in exchange for negotiated royalties.

6. Partially due to the overall deterioration in the global economy, the Debtor's business operations began to struggle in 2008, revenues and profitability fell and losses ensued. In January, 2010, after analyzing and discussing numerous potential options, the Debtor determined that there was no foreseeable return to profitability as an operating entity in the foreseeable future and fully discontinued its normal business operations.

7. Since that time, the Debtor has undertaken efforts to wind-down its business with an eye toward maintaining and maximizing the stream of royalty income associated with the licensing of its patents and maximizing the value of the patents themselves. Because of these patent and royalty related issues, the Debtor believes that the Chapter 11 proceeding is the best and most efficient means of managing and maximizing value for the Debtor's creditors.

8. The Debtor's primary secured creditor is PNC Bank, N.A. which holds a claim of approximately $12 million and a security interest in substantially all of the Debtor's assets. The Debtor also has approximately $2 million in unsecured claims.

## Relief Requested and Legal Support

9. The Debtor's primary pre-petition operating account is a checking account held at Citizens Bank (the "Operating Account"). While the Operating Account is the Debtor's primary account, the Debtor also holds bank accounts at PNC Bank, N.A. and Colonial Bank (the "Inactive Accounts"). The Inactive Accounts have little or no funds in them.

10. By this Motion, the Debtor seeks authority, pursuant to 105(a) of the Bankruptcy Code to continue using the Operating Account.

11. Authorizing the continuation of the existing checking account with the same account number will assist the Debtor in accomplishing a smooth transition into chapter 11. As mentioned above, the Debtor licenses its patents to third parties (collectively, the "Licensees"). Certain of the Licensees remit their patent royalty payments directly into the Operating Account via wire transfers. By permitting the Debtor to maintain the Operating Account, the Court will enable the Debtor to avoid the confusion associated with providing Licensees new wire information and the possibility that a Licensee will continue attempting to wire funds into a closed bank account.

12. Bankruptcy courts routinely permit debtors to utilize their existing bank accounts, finding that such relief is entirely consistent with applicable provisions of the Bankruptcy Code.

13. The Debtor has not recently written any checks against the Operating Account, however, to protect against the possible inadvertent payment of pre-petition claims, the Debtor

will immediately advise Citizens Bank not to honor checks issued prior to the Petition Date, except as otherwise ordered by the Court.

14. Moreover, the Debtor is not requesting use of cash collateral at this time and so the Debtor will not be using the funds in the Operating Account at this time. Nevertheless, to the extent the Debtor seeks authority to use cash collateral in the future, the Debtor will create a sequential gap in the check numbering between the pre-petition checks it issued and the checks it may issue post-petition and, during the pendency of this Chapter 11 Case, will mark all such checks with the notation "Debtor-in-Possession."

15. Lastly, the Debtor intends to close the Inactive Accounts so that only Operating Account remains. To the extent any funds remain in any of the Inactive Accounts, the Debtor will transfer such funds into the Operating Account. The Operating Account will be the Debtor's sole bank account and the Debtor will deposit all funds it receives into the Operating Account.

<u>Notice</u>

16. Copies of this Motion were served on the following parties: (i) Office of the United States Trustee for the Western District of Pennsylvania; (ii) PNC Bank, N.A.; (iii) Pennsylvania Department of Tax and Revenue; (iv) the Internal Revenue Service; and (iv) the Debtor's list of 20 largest unsecured creditors. In light of the fact that no trustee, examiner, or creditors' committee has been appointed in this case, the Debtor submits that no further notice need be given.

[THE REMAINDER OF THIS PAGE WAS INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtor respectfully requests that this Court enter an Order authorizing the continued use of the Operating Account and granting the Debtor such other and further relief as is just and proper.

| | |
|---|---|
| Dated: Pittsburgh, Pennsylvania<br>May 14, 2010 | CAMPBELL & LEVINE, LLC<br><br>By: /s/ Paul J. Cordaro<br>Stanley E. Levine, Esq.<br>PA I.D. No. 19819<br>Paul J. Cordaro, Esq.<br>PA I.D. No. 85828<br>1700 Grant Building<br>Pittsburgh, PA 15219<br>Tel: 412-261-0310<br>Fax: 412-261-5066<br><br>Proposed Counsel to the Debtor and Debtor-in-Possession |